IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-176-FL

| | | |
|---|---|---|
| JALENE CLAIRE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ENVOY AIR and AMERICAN AIRLINES | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendant American Airlines's ("AA") motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (DE 15). Plaintiff's time for response has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant AA's motion is granted. With regard to defendant Envoy Air ("EA"), where the court directed plaintiff August 30, 2017, to show cause within 14 days thereof why service was not made upon defendant EA within 90 days of filing of the complaint, or face dismissal, (DE 18), no response having been made, the court also dismisses plaintiff's claims against defendant EA.

**BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this action on May 9, 2017 by filing application to proceed in forma pauperis, together with a proposed complaint. Plaintiff's complaint, consisting of a few sentences, proceeds as follows. First, plaintiff asserts that defendants engaged in "[g]ender bias, discrimination against pregnant employee, wrongful termination, [and] defamation of

character." (DE 1-1, p. 2). Second, plaintiff notes that she seeks loss of wages, compensation for her pain and suffering, and reinstatement of her job. (Id. at 4).

On June 20, 2017, defendant AA filed the instant motion to dismiss. In support of its motion, defendant submitted a memorandum of law along with affidavits of Michael Waldron ("Waldron")[1] and Susan Somma-Servidio ("Somma-Servidio").[2] Through Waldron, defendant AA offers testimony that it has no record from and after 2007 of employing plaintiff or receiving any employment application from her. Through Somma-Servidio, defendant AA offers testimony that from and after October 2010, when Servidio assumed her position, no charge of discrimination has been filed against it on her behalf with the Equal Employment Opportunity Commission ("EEOC"). Defendant AA contends that the court lacks subject matter jurisdiction over plaintiff's claims and, relatedly, that plaintiff's claims are legally and factually insufficient and fail to state a claim upon which relief can be granted.

## DISCUSSION

It is well-established that courts must, as here, liberally construe *pro se* complaints and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, courts "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 776 (E.D.N.C. 2011).

Under Federal Rule of Civil Procedure 8, a pleading that states a claim for relief must contain

---

[1] Michael Waldron serves as the Managing Director of Diversity and Talent in defendant AA's Human Resources Department. (DE 15-1, ¶ 2).

[2] Susan Somma-Servidio serves as a paralegal for defendant AA. In that role, Somma-Servidio is "responsible for receiving and logging all Charges of Discrimination that [are] filed against [defendant AA] with the Equal Employment Opportunity Commission ("EEOC") on a nationwide basis." (DE 15-2, ¶ 2).

"a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted)). In further reliance on Twombly, the Court in Iqbal added "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'. . . . [n]or does a complaint suffice it if tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

Again quoting Twombly, the Court in Iqbal held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The Court continued, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). In amplifying upon the plausibility standard the Court in Iqbal held that "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Here, under Twombly's construction of Rule 8, where plaintiff's allegations must plausibly suggest entitlement to relief "reflect[ing] the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief,'" 550 U.S. at 557, adhered to in Iqbal, plaintiff's bare allegations that defendant deprived her of certain rights with respect to her employment are insufficient to nudge her claims "'across the line from conceivable to plausible.'" 556 U.S. at 681 (quoting Twombly, 550 U.S. at 570)

3

Even where plaintiff's allegations are liberally construed, the complaint fails to allege any facts regarding defendant's conduct that might state a cognizable claim for deprivation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").[3] Where plaintiff merely cites her legal claims, with no accompanying facts, she does not state a claim to relief that is plausible on its face, and therefore her complaint must be dismissed pursuant to Rule 12(b)(6). See Iqbal, 556 U.S. at 677; Twombly, 550 U.S. at 570.

The court does not address defendant AA's alternative argument predicated upon Rule 12(b)(1). It gives no deference to the testimony offered in its consideration of defendant's motion pursuant to Rule 12(b)(6) as such would convert the motion to one made on Rule 56 grounds. Necessarily, then, dismissal here is without prejudice.

With regard to defendant Envoy Air ("EA"), the court previously directed plaintiff to demonstrate cause within 14 days of receipt of the court's notice why service was not made upon defendant EA within 90 days of filing of the complaint. (See DE 18). The court indicated that failure to respond would result in dismissal of defendant EA without prejudice. (Id.). Where plaintiff's deadline to show cause has expired, the court also dismisses plaintiff's claims against defendant EA on this basis.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant American Airlines's motion to dismiss predicated upon Rule 12(b)(6). (DE 15). Said dismissal is without prejudice. Where

---

[3] Plaintiff fails to cite the statutes and laws which form the basis of her claims. It is well-established that Title VII "creates a federal cause of action for employment discrimination." Davis v. North Carolina Dept. of Correction, 48 F.3d 134, 136–37 (4th Cir. 1995). However, as described herein, where plaintiff fails to allege any facts concerning the alleged discriminatory acts of defendant, plaintiff's complaint fails to state a plausible claim for relief under Title VII. See e.g., Johnson, 867 F.Supp.2d at 776 (indicating that courts "cannot ignore a clear failure to allege facts" that set forth a cognizable claim).

4

plaintiff has not shown cause for her failure effect service upon defendant Envoy Air within the appropriate time, plaintiff's claims against defendant Envoy Air are dismissed without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 13th day of November, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge